UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
Frank J. DiCicco,

                    Plaintiff,

      -against-

Emigrant Bank, Joseph Leggio, John Does
and Jane Does,

                    Defendants.
---------------------------------------------------------------x

Case No. 23-01079

**ANSWER**

Defendant Emigrant Bank ("Emigrant"), by its attorneys, Borchert & LaSpina, P.C., as and for its answer to the complaint of plaintiff Frank J. DiCicco ("Plaintiff"), sets forth as follows:

1. Denies the allegations set forth in paragraphs 1, 2, 5, 7, 10, 20, 21, 23, 24, 25, 26, 28, 29, 31, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 87, and 89 of the complaint to the extent said allegations are made against Emigrant and otherwise denies having sufficient knowledge or information to form a belief as to the truth of said allegations.

2. Denies having sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9a, 9c, 86, of the complaint except expressly deny any culpable conduct by this answering defendant or its agents, officers, shareholders and employees and refers all questions of law to the court.

3. Admits the allegations contained in paragraphs 3, 4, 6, 7, 8, 9, and 9b as they relate to jurisdiction and venue of this Court.

4. Admits the allegations contained in paragraphs 11, 13, 14, 15, 16, and 17 inasmuch as Plaintiff copied paragraphs from Plaintiff's answer with counterclaims in the first foreclosure action into the complaint in this adversary proceeding brought fifteen years later. Emigrant denies any and all of Plaintiff's attorney's characterizations of the way Emigrant may have been feeling about anything stated in these paragraphs, and denies knowledge and/or information sufficient to form a belief surrounding the hearsay statements contained in paragraph 13.

5. Admits the allegations contained in paragraphs 18 and 19 as it relates to the terms of the agreement.

6. Admits the allegations contained in paragraphs 22, 27, 30, 32, 33, and 78.

7. No response is necessary to the allegations contained in paragraphs 35, 36, 37, 38, 67, 68, 69, 85, 88, 90, and 91 as these are either requests for relief or recitals of the law.

8. No response is necessary to the allegations contained in paragraphs 34, 66, and 84 as these paragraphs repeat and reallege the earlier paragraphs in the complaint. Inasmuch as those paragraphs require a response, Emigrant repeats and realleges its responses to the paragraphs referred to by Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

9. Plaintiff fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

10. Plaintiff has not pled any of the elements of a RICO case with particularity.

## THIRD AFFIRMATIVE DEFENSE

11. Plaintiff has not alleged any conduct which would constitute a RICO violation.

### FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff has not demonstrated that any defendant qualifies as an "enterprise" for RICO purposes and cannot legally claim that the United States Bankruptcy Court and the Supreme Court of the State of New York are "enterprises" for RICO purposes.

### FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff has not set forth facts sufficient to establish that Emigrant and any other individuals are associated in fact for RICO purposes.

### SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff has not established any pattern of Emigrant or other defendants which would constitute a RICO violation.

### SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff has not pled any facts rising to the level of racketeering activity which would constitute a RICO violation.

### EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred by the doctrine of res judicata. The judgment of foreclosure and sale entered in the Supreme Court of the State

of New York was final as to all issues which were raised or could have been raised by the parties to that action.

## NINTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by the Rooker-Feldman doctrine. Plaintiff, who is a state court loser, attempts to invite an impermissible review of the state court action by the federal court.

## TENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred by the applicable statutes of limitations. There is no statute of limitations which would permit a cause of action stemming from a mortgage loan transaction which occurred sixteen (16) years ago.

## ELEVENTH AFFIRMATIVE DEFENSE

19. Plaintiff has unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

21. Even if Plaintiff were to obtain rescission of Emigrant's loan, which he will not be, Plaintiff is unable to reimburse Emigrant for the principal amount loaned and received by Plaintiff and for taxes and insurance paid on Plaintiff's behalf for Plaintiff's property.

## FOURTEENTH AFFIRMATIVE DEFENSE

22. Pursuant to state law, even if Plaintiff is successful, Emigrant is entitled to be equitably subrogated in the amount paid to satisfy Plaintiff's prior mortgage(s), with interest thereon from the time those mortgage(s) were paid.

## FIFTEENTH AFFIRMATIVE DEFENSE

23. Pursuant to state law, even if Plaintiff is successful, Emigrant is entitled to an equitable mortgage in the amount paid to satisfy Plaintiff's prior mortgage(s), with interest thereon from the time those mortgage(s) were paid.

## SIXTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff cannot be unjustly enriched after Plaintiff cashed out all of the equity in Plaintiff's family's home for Plaintiff's sole gain and use. Prior to taking Plaintiff's loan with Emigrant, Plaintiff previously entered into several cash-out refinance transactions with other lenders, effectively converting the equity in Plaintiff's parents' home for Plaintiff's own use. Plaintiff has never accounted for the hundreds of thousands of dollars Plaintiff received from these transactions.

**WHEREFORE,** defendant Emigrant Bank requests that this complaint be dismissed in its entirety, with such other, further and different relief to Emigrant as this Court deems just and proper.

Dated: Whitestone, New York
October 19, 2023

Borchert & LaSpina, P.C.

By: /s/ Jason Sackoor
    Jason Sackoor, Esq. (JS 1367)
*Attorneys for Defendant*
*Emigrant Bank*
19-02 Whitestone Expressway, Suite 302
Whitestone, New York 11357
(718) 767-3333
jsackoor@blpcny.com